RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; JUAN ANGEL GIUSTI, Intervener.

No. 208.    Argued January 9, 1950.—Decided January 30, 1950.

*Vicente Géigel Polanco, Attorney General, (Luis Negrón Fernández,* former *Attorney General,* in the petition and attached memorandum) and *Manuel J. Medina Aymat, Assistant Attorney General,* for petitioner. *Córdova & González* and *Alberto Picó,* for intervener, complainant in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The only question here is whether the intervener Juan Angel Giusti is entitled to deduct from his income, part of

the amount for automobile repairs and expenses incurred by him during 1945.[1]

On March 12, 1946 Giusti filed in the Treasury Department of Puerto Rico his income tax return for the aforesaid year. He claimed the sum of $188.99 as a deduction on the above-mentioned account. The Treasurer of Puerto Rico considered that said sum was not deductible and at the proper time sent a notice of deficiency to the taxpayer. After taking the indispensable administrative steps, the intervener herein appeared before the Tax Court and the latter, after weighing the evidence introduced, found that such expenses were deductible, although not in the specific sum claimed, but only in the amount of $60. From this decision the Treasurer has come to us by way of certiorari.

■ Section 16(a)(1) of the Income Tax Act (No. 74 of August 6, 1925) (Sess. Laws, p. 400) prescribed that in computing the net income of an individual there shall be allowed as deductions "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, ...; traveling expenses ... while away from home in the pursuit of a trade or business; ..."[2]

During the taxable year in question the petitioner was president of Pedro Giusti Inc. and Sucn. of Pedro Giusti Inc., and received from them for his service $6,000 and $1,000 per annum, respectively. The former corporation operates a novelty shop in this city and the latter is the owner of and superintends two buildings in San Juan, six houses (most of

---

[1] Juan Angel Giusti only claimed as a deduction in his return one third of the total amount of the automobile repairs and expenses, inasmuch as he admitted that since he had used his automobile in the business of the corporations of which he was President as well as for his personal use, two thirds of that amount were not deductible.

[2] See also § 102, subdivision (a) of Income Tax Regulations No. 1 under the Income Tax Act of 1925 which provides: "(a) If, then, an individual, whose business requires him to travel, receives a salary as full compensation for his services without reimbursement for travelling expenses, ... his travelling expenses, .... are deductible from gross income."

them frame houses) and fifty lots in the Sunoco Ward, of Santurce, and a farm in Hato Rey. The taxpayer keeps no accounting books and, according to the evidence, said corporations did never compensate him for the repairs of his automobile nor for the gasoline, etc., used in connection therewith, despite the fact that in his aforesaid character he was frequently required to go in his own car and in connection with the business of the corporations which he represented to the docks and banks of the city, as well as to the places in which the aforesaid properties were located, for the purpose of attending to the complaints of the tenants living therein and of investigating the repairs that had to be made to the houses.

The question now before our consideration has often risen in other jurisdictions. It has been held therein that the president or other officer of a corporation is engaged in the "carrying on of a business" while he is acting within the scope of his official duties and that if for the benefit of the entities which he presides or for which he works he is required to use his own vehicle, the expenses which he may incur on this account are deductible. *Wagner* v. *Lucas*, 38 Fed. 2d 391; *Gibson Products Co.* v. *Commissioner*, 8 T.C. 654; *Ralph C. Holmes* v. *Commissioner*, 37 B.T.A. 865; Prentice-Hall, Federal Tax Service, Vol. 1, 1950, par. 11,296, p. 11,148; Mertens, Law of Federal Income Taxation, Vol. 4, paragraphs 25.04, 25.14, 25.85, and 25.87. We are in agreement with this view. Of course, where as happens here, the automobile is used not only for the benefit of the corporations for which the taxpayer renders his services, but also for his own benefit, a distribution must be made of that part of the expenses which should correspond to the taxpayer's business and that which should be allocated to his personal affairs. Mertens, *op. cit.*, par. 25.86.

■■ The preceding premise having been thus established, let us see whether the Tax Court acted correctly in fixing

in $60 the amount of the expenses which on account of his automobile repairs, etc., the taxpayer was entitled to deduct with respect to the services rendered by him to the two corporations which he presided.

It is a generally-known principle in law that tax assessments made by the Treasurer are presumed correct and that it is incumbent on the taxpayer to overcome such presumption with strong and convincing evidence. *Buscaglia, Treas.* v. *Tax Court*, 69 P.R.R. 818, 824, and cases cited. Although the Tax Court characterized the evidence introduced by the petitioner herein as weak, it reached the conclusion that the deduction of the aforesaid sum on such account should be allowed. Of course, in cases like the one at bar it is quite hard to determine the part of the expenses allocable to the taxpayer himself and that corresponding to the enterprise for which he renders services. As indicated by the Circuit Court of Appeals for the Second Circuit in *Cohan* v. *Commissioner*, 39 Fed. 2d 540, 543, "Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can." The Tax Court determined, as we have said, that considering the evidence before it, it should allow the taxpayer to deduct, not the entire amount he claimed, but only $60. It can not be said that in so doing, it acted erroneously. Harry N. Copp, T. C. Memo. Op. Dkt. 7377 (1947) ; Julius I. Peyser *et al.* T. C. Memo. Op. Dkts. 108711–2 (1943).

We shall not interfere with the findings of the Tax Court, unless the record lacks evidence in justification thereof. *Rodríguez & Palacios* v. *Tax Court*, 68 P.R.R. 635; *Fajardo* v. *Tax Court*, 68 P.R.R. 691, 694. An examination of the record convinces us that it contains sufficient evidence to support the findings of that court.

The decision appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.